## STROUB *v.* MANHATTAN RY. CO.

*(Superior Court of New York City, Special Term.*   April, 1891.)

EMINENT DOMAIN—PROCEDURE—INJUNCTION.

> Under Const. N. Y. art. 1, § 6, which provides that no one shall be deprived of life, liberty, or property without due process of law, and that private property shall not be taken for public use without just compensation, an elevated railroad company will be enjoined from constructing an additional track in front of plaintiff's premises, unless it has acquired the right to impose such additional burden on plaintiff's property by condemnation proceedings, as provided by Laws N. Y. 1875, c. 606.

Action by John L. Stroub against the Manhattan Railway Company to restrain defendant from constructing an additional track in front of plaintiff's premises.   Plaintiff moves to continue preliminary injunction.

*Smith & Perkins*, for plaintiff.   *Davies, Short & Townsend*, for defendant.

TRUAX, J.   The plaintiff is the lessee of premises situate on the east side of Third avenue, between 128th and 129th streets.   The lease to him is from May 1, 1887, to May 1, 1897.   Since the making of the lease the defendant has purchased the fee of the property.   The defendant is about to construct in front of plaintiff's premises a track or tracks leading from the line on Third avenue into 129th street, and the plaintiff asks an injunction restraining it from so doing.   There is now a portion of the defendant's structure in front of the premises occupied by the plaintiff, and it is to be noticed that the additional structure that the defendant intends to put in front of plaintiff's premises will but slightly increase the inconveniences already suffered by the plaintiff. Such structure will take up a triangular piece of the extreme northerly corner of the sidewalk of the premises in front of plaintiff's premises.   It is provided by section 5 of chapter 606 of the Laws of 1875 that the commissioners known as the "Rapid Transit Commissioners," appointed under said law, shall decide upon the plan or plans for the construction of railway or railways, with the necessary supports, turn-outs, switches, sidings, connections, land-

ing places, stations, buildings, platforms, stairways, elevators, telegraph and signal devices, or other requisite appliances, upon the route or routes and in the locations determined by them. While the same act gives the defendant the right to enter upon and underneath the several streets, avenues, public places, and lands designated by the said commissioners, and enter into and upon the soil of the same, to construct, maintain, operate, and use in accordance with the plan adopted by the said commissioners, a railway or railways upon the route or routes and to the points decided upon, and to secure the necessary foundations and erect the columns, piers, and other structures which may be required to secure safety and stability in the construction and maintenance of the railways constructed upon the plan adopted by the said commissioners, and for operating the same. Section 26. In accordance with the provisions of the rapid transit act, the commissioners laid out a route from the intersection of Third avenue and East Ninety-Second street, crossing East Ninety-Second street over, through, and along Third avenue to East 129th street, (there connecting with the ferries having landings at or near the Harlem bridge;) thence over, through, and along East 129th street to the intersection of East 129th street and the Harlem river; thence over and along the Harlem river to First avenue; and gave the defendant authority to construct such supports, turn-outs, switches, sidings, connections, landing places, stations, buildings, platforms, stairways, elevators, telegraph and signal devices, and such other requisite devices and appliances, upon the route or routes and in the locations determined by the commissioners, as shall be proper for the purpose of rapid transit railways, and as shall be necessary to meet the requirements of the travelling public. I am of the opinion that by virtue of the provisions of the statute above referred to, and of the act of the commissioners, the defendant has authority to erect the structure of which the plaintiff complains, especially in view of the fact that there is nothing before me showing that the structure cannot be constructed within the time fixed by the commissioners, if any time were fixed.

The plaintiff contends that the defendant should not be allowed to erect this structure—*First*, because it has not the authority so to do; and, *secondly*, because it has not yet acquired his easements of light, air, and access. The first objection of the plaintiff is overruled, for the reasons above stated. *Secondly*. Section 17 of chapter 606 of the Laws of 1875 gives to the defendant the right to acquire and hold such real estate, or interest therein, as may be necessary to enable it to construct, maintain, and operate the said railway or railways, and such as may be necessary for stations, depots, engine-houses, car-houses, and machine-shops; and, in case any such corporation cannot agree with the owner or owners of any such real estate, or of any interest therein, it shall have the right to acquire title to the same in the manner and by the special proceedings prescribed in that act.

The question to be determined in this case is whether the defendant should be allowed to acquire the easements in addition to the easements that it already had there, before or after the construction of the additional track. It is provided in the constitution of this state (article 1, § 6) that no person shall be deprived of life, liberty, or property without due process of law; nor shall private property be taken for the public use without just compensation. This court held in the case of *Abendroth* v. *Railway Co.*, 54 N. Y. Super. Ct. 417, affirmed 122, N. Y. 1, 25 N. E. Rep. 496, that an easement of light, air, and access is private property, and within the provision of the state constitution above referred to, and such is now the law of this state. It is stated on Lewis on Eminent Domain (section 631) that "it is now almost universally held that an entry upon private property under color of the eminent domain power will be enjoined until the right to make such entry has been perfected by a full compliance with the constitution and the laws." See cases there cited. The case of *Bloodgood* v. *Railroad Co.*, 18 Wend. 9, is one of

the earliest cases on that subject.    The act of incorporation of the defendant in that case authorized them "to enter upon and take possession of and use all such lands and real estate as may be indispensable for the construction and maintenance of their single or double railroad or ways, and the accommodations requisite and appertaining to them: * * * provided, that all lands or real estate thus entered and taken possession of and used by the said corporation, and which are not donations, shall be purchased by said corporation of the owner or owners of the same at a price to be mutually agreed upon betwixt them; and in case of a disagreement of the price it shall be the duty of the governor of the state to appoint three commissioners to determine the damages which the owner or owners of the land or real estate so entered upon by the said corporation has or have sustained by the occupation of the same; and upon payment of such damages then the said corporation shall be deemed to be seised and possessed."    Section 18 of chapter 606 of the Laws of 1875 provides for the appointment of commissioners of appraisal.    Sections 18–21 provide for the appointment of commissioners of appraisal, and for their method of procedure in determining the sums to be paid as compensation for the land and property taken.    Section 22 provides that upon payment or deposit by the company of the sums to be paid as compensation for the land, and for costs, expenses, and counsel fee as aforesaid, and as directed by said order, with interest from the date thereof, the company shall be entitled to enter upon, take possession of, and use the said land for the purpose of its incorporation.    The act under which the defendant is incorporated, in this respect, is not unlike the act of incorporation of the defendant in the case of *Bloodgood* v. *Railroad Co.*, above referred to.    In that case the court of errors decided that "by the true construction of the defendants' charter or act of incorporation they were not authorized to take and appropriate the plaintiff's land to their use for the purpose of making their railway thereon until his damages were appraised and paid, or deposited for his use, as provided for in the act of incorporation."    And it was held in the case of *Dusenbury* v. *Telegraph Co.*, 11 Abb. N. C. 440, "that the payment of compensation to owners along the proposed route of the telegraph company is a condition precedent to the right to erect lines, and applies to public roads, streets, and highways, and any other lands which the company is authorized to occupy."    The plaintiff in this action alleges that by the acts of the defendant access to his premises is made extremely difficult, so that the number of persons resorting thereto has been already diminished, to his great damage, and will be in the future diminished if the acts contemplated by the defendant are carried out; that he will be injured by the noxious smells, vapors, and noises generated by and emitted from the locomotives which the defendant proposes to run over the structure so to be erected, and by the soot, cinders, and sparks of said locomotives, and by the interrupted and intermittent character of the light which will be caused by the trains and locomotives passing over such structure, and the light upon and within the said premises will also be greatly diminished by said structure itself; that the said contemplated acts of the defendant, if permitted to be continued or performed, will amount to a continual and serious detriment to the business of said plaintiff and to his residence, and are and will be inconsistent with the legitimate objects of the Third avenue for public enjoyment; that he has already suffered special damages in the sum of $250, and such injury will be constant and continuous.    These allegations are not denied.    I am of the opinion that within the decisions above referred to the plaintiff is entitled to an injunction restraining the defendant from constructing the additional track in front of the plaintiff's premises.    This ruling works no hardship upon the defendant.    It has and has had the right at all times to apply under the statute for the condemnation of the plaintiff's property.    See *Carter* v. *Railroad*, decided March 14, 1888, in which an injunction was granted by me.    It should have done

this before it began to construct the road. Payment should precede taking. It must be enjoined until it shall have acquired by purchase or otherwise plaintiff's easement. By acquiring the rights of adjacent property holders before taking those rights many actions will be saved. Motion to continue the injunction granted upon the plaintiff's giving an undertaking in the sum of $500, with two sureties.